UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

LARRY GANTT, JR.,

                Petitioner,

  -against-

CHRISTOPHER MILLER,

                Respondent.

-----------------------------------------------------------------X

**ORDER**

19 Civ. 2910 (VB)(JCM)

      Petitioner Larry Gantt, Jr. ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his state court convictions following a jury trial in New York State County Court, Orange County. (Docket No. 1). On July 28, 2023, the undersigned issued a Report and Recommendation to the Honorable Vincent L. Briccetti recommending that the Petition be denied in its entirety. (Docket No. 24). Instead of filing an objection, Petitioner filed a motion for a stay and abeyance and leave to amend the Petition on September 22, 2023. (Docket No. 27) ("Motion").[1] On September 27, 2023, Respondent opposed Petitioner's Motion. (Docket No. 30). Petitioner submitted his reply on October 12, 2023, which included a request that the Court open discovery "or issue subpoenas" for requested documents. (Docket No. 31). Respondent opposed such relief. (Docket No. 32). For the reasons set forth herein, Petitioner's Motion is denied in its entirety.

---

[1] On the same day, Judge Briccetti issued an Amended Order of Reference referring the instant Motion to the undersigned to resolve. (Docket No. 29).

I.  BACKGROUND

The Court limits the background facts to those necessary to resolve the Motion.  On March 11, 2019, Petitioner filed a petition for a writ of habeas corpus asserting, among other things, that "the trial court's denial of his motion to subpoena [an officer's] disciplinary records violated his Sixth Amendment right under the Confrontation Clause." *Gantt v. Miller*, No. 19-cv-2910 (VB)(JCM), 2023 WL 6200870, at *9 (S.D.N.Y. July 28, 2023).[2]  I issued a Report and Recommendation on July 28, 2023, recommending that this claim be denied because it "is not cognizable on federal habeas review," and the state court's denial of Petitioner's subpoena did not render his trial "fundamentally unfair." *Id.* at *10–11 (citing alternative evidence to support Petitioner's conviction).

Petitioner now seeks a stay and abeyance to exhaust claims based on: (1) the repeal of New York Civil Rights Law § 50-a ("Section 50-a"), a statute which protected the confidentiality of police disciplinary files; and (2) a Freedom of Information Law ("FOIL") request that Petitioner made to the City of Newburgh Police Department regarding these files. (*See* Docket Nos. 27 at 2–8; 31 at 1–5).  Petitioner also seeks leave to amend his Petition. (*See* Docket No. 27 at 1).

Respondent opposes the Motion on several grounds, arguing that: (1) Petitioner's request for a stay is futile since the Report and Recommendation already recommended finding that his claim was exhausted and meritless, (Docket No. 30 ¶ 10); (2) the Motion should be denied since it was made over two years after the repeal of Section 50-a, and Petitioner has not established good cause for this delay, (*id.* ¶ 11); (3) to the extent Petitioner's Motion is based on the repeal

---

[2] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

of Section 50-a, it is meritless, (*id.* ¶ 12); and (4) any Amended Petition filed by Petitioner based on this repeal would be untimely since it would not relate back to his original Petition, and equitable tolling should not apply, (*id.* ¶¶ 13–15).

## II.      LEGAL STANDARD

### A.      Standard to Stay

The purpose of the stay and abeyance mechanism is "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to the federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269, 270–72 (2005) ("stay and abeyance should be available only in limited circumstances."). Thus, as a preliminary matter, only a "mixed petition," one that contains both exhausted and unexhausted claims, may be stayed and held in abeyance. *See id.* at 278; *accord Ortiz v. Heath*, No. 10-CV-1492 (KAM), 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011) (holding that the stay and abeyance procedure only applies to mixed petitions). When considering whether to grant a stay and abeyance, the Court must consider whether: "(1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not 'plainly meritless[;]' and (3) the petitioner has not engaged in intentionally dilatory litigation tactics." *Ortiz*, 2011 WL 1331509, at *14 (citing *Rhines*, 544 U.S. at 277–78).

### B.      Standard to Amend

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"), made applicable to habeas proceedings by 28 U.S.C. § 2242, Rule 81(a)(4) of the Federal Rules of Civil Procedure and Habeas Corpus Rule 11, "allows pleading amendments with 'leave of court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)). However, this rule is limited by the one-year statute of limitations period set forth by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1); *Mayle*, 545 U.S. at 654. Therefore, if an amendment is filed after the ADEPA's limitations period has expired, a new claim is untimely unless it relates back to the claims in the original, timely petition. *Mayle*, 545 U.S. at 655 (citing Fed. R. Civ. P. 15(c)(2)). An amendment relates back to the original petition if it asserts new grounds for relief based on the same conduct, transaction or occurrence as those claims in the initial petition. *See Landri v. Smith*, 14-cv-9233 (NSR)(JCM), 2016 WL 828139, at *3 (S.D.N.Y. Feb. 29, 2016).

Furthermore, leave to amend should be denied where the proposed new claim would be futile, either because it fails to comply with the procedural requirements or lacks merit. *See, e.g.*, *Ortiz*, 2011 WL 1331509, at *14; *Hoover v. Senkowski*, No. 00 CV 2662 (SJ), 2003 WL 21313726, at *11–12 (E.D.N.Y. May 24, 2003); *see also Mayle*, 545 U.S. at 656 (the Court must "summarily dismiss" a petition if "'it plainly appears . . . that the petitioner is not entitled to relief in the district court.'") (quoting Habeas Corpus Rule 4).

**III.   DISCUSSION**

Petitioner moves to stay and hold in abeyance the current proceedings so that he may file a motion to vacate the judgment in state court pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. In support of the Motion, Petitioner contends that the trial court's decision not to review the disciplinary files of Detective Pitt and Officer Henderson and the repeal of Section 50-a violated his constitutional rights. (Docket No. 27 at 3). Respondent opposes the motion, arguing that: (1) Petitioner already exhausted these claims; (2) the repeal of Section 50-a is not retroactive; and (3) Petitioner fails to show good cause for his delay in seeking the instant stay and abeyance. (Docket No. 30 ¶¶ 10–15).

First, Petitioner moves for a stay and abeyance because the repeal of Section 50-a now allows him to issue a FOIL request for the disciplinary files of two police officers to support "a post-conviction motion under C.P.L. § 440.10 to the state court for unexhausted claims and return to the federal court with an amended petition." (Docket No. 27 at 3).  However, in the Report and Recommendation, I found "that Petitioner's Sixth Amendment claim concerning [the police officer's] disciplinary file was properly exhausted before the state courts." *Gantt*, 2023 WL 6200870, at *10.  Further, I found that Petitioner's claim regarding the trial court's discovery ruling and denial of his subpoenas was not cognizable on habeas review and, in any event, there was ample alternative evidence to support his conviction. *Id.* at *10–11.  Thus, Petitioner's claim regarding the disciplinary files has been exhausted and allowing him to return to state court on a previously exhausted claim would be futile.

Second, Petitioner maintains that the repeal of Section 50-a supports his request for a stay and abeyance to allow him to obtain the disciplinary files through his FOIL request.[3]  This argument is unavailing.  Assuming, *arguendo*, that the repeal of Section 50-a is retroactive, it would not afford Petitioner the right to seek review of the state court's evidentiary ruling because he already exhausted the discretionary appeal afforded to him under New York law. *See, e.g.*, *People v. Pepper*, 440 N.Y.S.2d 889, 892 (1981) (holding New York courts "have denied retroactive application" of a defendant's then-new right to pretrial counsel "where that process has been exhausted").  Consequently, Petitioner cannot now return to state court to relitigate the trial court's evidentiary rulings.[4]

---

[3] The parties disagree on whether the repeal of Section 50-a is retroactive.  However, the Court need not reach that issue to decide the Motion.

[4] Petitioner's request that the Court issue a subpoena for the documents requested and open discovery is denied because "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Moreover, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course" and "bears a heavy burden

Third, Petitioner fails to show good cause for his delay in raising the repeal of Section 50-a as a ground for a stay and abeyance. *See Rhines*, 544 U.S. at 277. To demonstrate good cause, Petitioner "must show that some factor external to the [P]etitioner gave rise to the Petitioner's delay in bringing the claim they now wish to exhaust." *Degree v. Corey*, 21 Civ. 11012 (CS)(JCM), 2023 WL 3984760, at *5 (S.D.N.Y. June 13, 2023) (quotations omitted). While Section 50-a was repealed on June 12, 2020, Petitioner contends that he did not seek relief earlier because he did not become aware of its repeal until recently. (*See* Docket No. 31 ¶ 3). However, ignorance of the law is not a sufficient basis to find good cause. *See Ramdeo v. Phillips*, No. 04 CV 1157 (SLT), 2006 WL 297462, at *7 (E.D.N.Y. Feb. 8, 2006) (holding good cause does not exist where Petitioner "tacitly admit[ed] that the failure to exhaust is attributable to his own ignorance of the law"). Therefore, Petitioner lacks good cause for his delay.

Finally, since the undersigned denies Petitioner's request for a stay and abeyance on the grounds that his claim has already been exhausted and allowing him to return to state court would be futile, the Court denies Petitioner's motion to amend on the same grounds. *See Mayle*, 545 U.S. at 656 (leave to amend should be "summarily dismiss[ed]" if "'it plainly appears . . . that the petitioner is not entitled to relief in the district court'") (quoting Habeas Corpus Rule 4).

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's request for a stay and abeyance and to amend his Petition is denied. The Clerk of Court is respectfully requested to terminate the pending motion

---

in establishing a right to discovery." *Naranjo v. United States*, 16 Civ. 7386 (JSR)(SLC), 2019 WL 4879297, at *1 (S.D.N.Y. Oct. 3, 2019) (quotations omitted).

(Docket No. 27), and to mail a copy of this Order to the *pro se* Petitioner.

Dated:   November 22, 2023
        White Plains, New York

                                      **SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge