UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

LARRY GANTT, JR., :
Petitioner, :
v. :
:
CHRISTOPHER MILLER, :
Respondent. :

---------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

19 CV 2910 (VB)

Briccetti, J.:

Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated July 28, 2023 (Doc. #24), on pro se petitioner Larry Gantt, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. #1 ("Petition")).

The parties' familiarity with the factual and procedural background of this case is presumed.

Judge McCarthy recommended that the Petition be denied in its entirety. For the reasons set forth below, the Court agrees. Accordingly, the R&R is adopted as the opinion of the Court, and the Petition is DENIED.

I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II. Application

Judge McCarthy issued the R&R on July 28, 2023. (Doc. #24). On August 10, 2023, petitioner requested an extension of time to serve and file objections to the R&R to September 22, 2023. (Doc. #25). The Court granted petitioner's request. (Doc. #26).

On September 22, 2023, rather than filing objections to the R&R, petitioner filed a motion for an order of stay and abeyance of the Petition (the "stay and abeyance motion"), so that he may exhaust purportedly unexhausted claims in state court, and thereafter for leave to amend the Petition. (Doc. #27). The Court liberally construed the stay and abeyance motion to include a request that petitioner's deadline to file objections to the R&R be extended until after the Court ruled on the stay and abeyance motion and, if the Court granted the motion, until after petitioner exhausted his purportedly unexhausted claims and the Court ruled on his motion for leave to amend his petition. (Doc. #28). The Court granted that request for an extension. (Id.). The Court referred the stay and abeyance motion to Judge McCarthy. (Doc. #29).

On November 22, 2023, Judge McCarthy denied petitioner's stay and abeyance motion. (Doc. #33). By order dated November 27, 2023, the Court set the deadline for petitioner to object to the R&R to December 29, 2023. (Doc. #34). The Court mailed this order to petitioner at the address listed on the docket.

Having received no objections as of January 31, 2024, the Court sua sponte issued an order extending petitioner's time to file objections to the R&R to February 20, 2024. (Doc. #35). The Court warned that no further extensions would be granted absent compelling circumstances. (Id.). The Court mailed a copy of the January 31 order to petitioner at the address listed on the docket. In addition, because the DOCCS Incarcerated Lookup indicated that petitioner was incarcerated at Gouverneur Correctional Facility, the Court also mailed a copy of the order to petitioner at the following address:

Larry Gantt, Jr.,
14-A-2038
Gouverneur Correctional Facility
112 Scotch Settlement Road
P.O. Box 370
Gouverneur, New York 13642-0370

To date, the Court has received no objections to the R&R.

Because petitioner has not objected to Judge McCarthy's thorough and well-reasoned R&R, the Court has reviewed the R&R for clear error. Finding no error, clear or otherwise, the Court adopts the R&R and denies the Petition.

**CONCLUSION**

The Court adopts the R&R in its entirety as the opinion of the Court.

The Petition is DENIED.

The Clerk is instructed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address listed on the docket:

Larry Gantt, Jr.
14-A-2038
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733-0116

In addition, because the DOCCS Incarcerated Lookup indicates petitioner is currently incarcerated at Gouverneur Correctional Facility, Chambers will also mail a copy of this Order to petitioner at the following address:

Larry Gantt, Jr.
14-A-2038
Gouverneur Correctional Facility
112 Scotch Settlement Road
P.O. Box 370
Gouverneur, New York 13642-0370

Dated: March 22, 2024
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge